UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIRISH SHAH,

          Plaintiff,

v.

NXP SEMICONDUCTORS USA, INC.,

          Defendant.

_____ /

Case No. 09-12709

District Judge Mark A. Goldsmith

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion to Review Action of the Taxation Clerk on Defendant's Bill of Costs [Doc. #43] and Defendant's Motion for Review of Clerk's Order on Taxation of Costs [Doc. #46]. As these are a post-judgment motions, I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

## I.   BACKGROUND

This is an employment discrimination case, in which Plaintiff Girish Shah, a 61-year-old male of Indian descent, brought claims under the Age Discrimination in Employment Act, 29 U.S.C. § 629, *et seq*, Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. On March 16, 2011, the Court granted summary judgment in favor of Defendant NXP Semiconductors USA, Inc. [Doc. #34]. On May 27, 2011, the Court denied Plaintiff's motion for reconsideration [Doc. #40].

Defendant filed a timely Bill of Costs, requesting $24,658.70 in taxable costs [Doc. #41]. On June 13, 2011, the Clerk taxed costs against Plaintiff in the amount of $2,530.43

-1-

[Doc. #42]. Both Plaintiff and Defendant challenge the Clerk's taxation of costs.

## II.    GENERAL PRINCIPLES

Fed.R.Civ.P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." The kinds of costs that can be taxed are set forth in 28 U.S.C. § 1920:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

E.D. Mich. Local Rule 54.1 states, "The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's website."

The award of costs under Rule 54(d)(1) is addressed to the court's discretion. *Singleton v. Smith,* 241 F.3d 534, 538 (6th Cir.2001).

## III.    DISCUSSION

### A.    Plaintiff's Motion [Doc. #43]

While Plaintiff concedes that Rule 54(d) carries a presumption in favor of awarding costs to the prevailing party, and agrees that the Clerk properly denied Defendant's request for over $21,000 in costs related to exemplification and copy fees, he contends that in his case, the Court should exercise its discretion to deny costs altogether. Citing *White & White,*

*Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728 (6ᵗʰ Cir. 1986), he argues that an award of costs would be inequitable, stating that this case was "close and difficult." *Plaintiff's Brief*, at 2.

In *White & White*, the Sixth Circuit identified a number of circumstances where a denial of costs would be a proper exercise of the court's discretion. These circumstances include "where taxable expenditures by the prevailing party are unnecessary or unreasonably large, ... cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, ... cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory [for the other side], ... and cases that are close and difficult." *Id.* at 730 (internal citations and quotation marks omitted). While the court also has identified the losing party's indigency as a relevant factor, it is the losing party's burden to show "that they are incapable, as a practical matter and as a matter of equity, of paying such costs." *Weaver v. Toombs,* 948 F.2d 1004, 1014 (6th Cir.1991).

Plaintiff has not shown a sufficient basis to overcome the presumption that costs should be taxed. While Plaintiff characterizes this case as "close and difficult," it did not go to trial, but was decided on Defendant's motion for summary judgment. As the district judge remarked in *McHugh v. Olympia Entertainment, Inc.*, 37 Fed.Appx. 730, 743-744, 2002 WL 1065948, *12 (6ᵗʰ Cir. 2002):

> "[I]n terms of the closeness of the case when we're talking about a difference between the slam dunk, and I guess the extreme slam dunk would be a motion for summary judgment having been granted, and the other extreme, the perhaps ultimate close case would be a hung jury where the facts were that close that reasonable minds could and would and did differ."

*See also Cheolas v. City Of Harper Woods*, 2009 WL 4506442, *3 (E.D.Mich. 2009) ("While Plaintiffs' claims were not frivolous or groundless, neither can it be said that this case was especially 'close and difficult,' *White & White,* 786 F.2d at 730 (internal quotation marks and

citation omitted), where the claims were amenable to resolution by summary judgment."). Moreover, summary judgment was granted on the basis that Plaintiff failed to make a *prima facie* showing of either age or national origin discrimination. *See* Opinion and Order Granting Summary Judgment [Doc. #34], 16-17.[1] This was not so close and difficult a case as to justify a complete denial of taxable costs to the Defendant.

Furthermore, it does not appear that the Defendant unnecessarily prolonged the proceedings or raised non-meritorious issues. Nor has Plaintiff made any showing that he would be unable to pay allowable costs based on indigence. Finally, I am unpersuaded by Plaintiff's argument that an award of costs would be punitive, or would dissuade others from pursuing legitimate claims of discrimination. The Sixth Circuit has clearly held that taxable costs are compensatory, not punitive. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

Therefore, Plaintiff's motion [Doc. #43] should be DENIED to the extent that it requests that there be no taxation of costs. However, for the reasons discussed below, the Plaintiff's motion should be GRANTED only to the extent that deposition transcript costs for Michael Noonen and Judee Williams and exemplification costs for electronic discovery be disallowed.

---

[1] On December 12, 2012, the Sixth Circuit affirmed the grant of summary judgment. [Doc. #51].

**B.    Defendant's Motion [Doc. #46]**

**1.    Deposition Costs**

The Defendant seeks deposition costs for three witnesses that the Clerk denied: Kenneth Roberts, Michael Noonen and Judee Williams.

The Clerk denied $134.20 for the deposition of transcript costs for Kenneth Roberts on the ground that "no deposition invoice was provided in the bill of costs." [Doc. #42, p. 2]. However, the addendum to Defendant's bill of costs [Doc. #41, Exhibit 1, p. 5] in fact contains an invoice from Qualified Court Reporters, Inc., for the deposition transcript of Kenneth Roberts, in the amount of $134.20. Defendant is entitled to those costs, and this request should be GRANTED.

The Clerk denied costs for the Noonen and Williams deposition transcripts because there was "no documentation in the bill of costs showing that [these] transcript[s] [were] used by the defendant." [Taxed Bill of Cost, Doc. #41]. The Clerk cited the Bill of Costs Handbook, § II,B. That section reads as follows:

> "If a transcript is used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion and the approximate date is was filed."

I am aware of cases holding that "[t]here is no requirement that depositions be submitted as evidence by Defendants in order for the transcripts to be taxable as costs." *Keweenaw Bay Indian Community v. Rising*, 2005 WL 3535124, *2 (W.D.Mich. 2005), *citing See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990) (per curiam). *Lahar v. Oakland County*, 2008 WL 239830, *1 (E.D.Mich. 2008). However, none of these cases, and particularly not *Lahar*, from this district, addresses the *requirement* in the Bill of Costs Handbook that counsel provide the Clerk with information as to the relevant motion–whether or not the transcript was cited in

that motion. In this case, Defendant did not provide the information. Compliance with a court's rules and procedures is an integral part of the practice of law, and excusing non-compliance tends to encourage future violations. I recommend that Defendant's request for costs related to the deposition of Noonen and Williams be DENIED.

## 2.   Exemplification Costs

Defendant requests $21,660.92 for exemplification and copying fees, specifically with regard to its costs for providing electronic discovery.

There is conflicting and ambiguous  authority as to whether data extraction costs associated with discovery are recoverable under  § 1920(4). In *BDT Products, Inc. v. Lexmark Intenational, Inc.*, 405 F.3d 415 (6th Cir. 2005), the Sixth Circuit affirmed the district courts taxation of costs related to "electronic scanning and imaging of documents" as exemplification costs. The Court did not specifically address the question of whether the cost of extraction of electronic data in response to the opposing party's discovery requests is taxable. In In *Fells v. Virginia Dept. of Transp.,* 605 F.Supp.2d 740, 743 (E.D.Va. 2009), the court held that even assuming the validity of *BDT Products*, costs for data extraction and processing, as opposed to scanning and imaging, are not among those enumerated under § 1920.

In this case, however, it is not necessary to resolve the question of whether Defendant's electronic discovery costs do or do not fall within  § 1920(4), because that is not the basis on which the Clerk denied the request. Rather, the request for exemplification and copying fees was deemed "[n]ot taxable without a court order authorizing the recovery of these costs. (See Bill of Costs Handbook, Section II,F.)." Section II,F of the Handbook provides that exemplification costs "are **not** recoverable within the discretion of the taxation clerk **unless** counsel has previously secured an order authorizing the recovery of these costs."

-6-

(Emphasis in original). The Defendant in this case did not secure a prior order authorizing the recovery of electronic discovery costs. The request should therefore be denied.

Moreover, even assuming that approval of these costs would be within this Court's discretion notwithstanding the failure to request and obtain a prior order, granting such a request would be ill-advised. With the proliferation of electronic discovery, a party who is faced with high costs for data extraction and processing should be required to request an order authorizing payment by the requesting party. This would not only comply with the requirements of this District as set forth in the Handbook, but would give the requesting party an opportunity to challenge what may be the technological extravagances of the opposing party, to perhaps refine or modify his or her discovery requests, and to reasonably limit the exposure to potentially exorbitant costs. In other words, if a party is going to be on the hook for over $20,000 in discovery costs, he or she should be aware of that risk beforehand.

For these reasons, I recommend that Defendant's request for $21,660.92 in exemplification costs be DENIED.

### IV.   CONCLUSION

I recommend as follows:

(1) That Plaintiff's Motion to Review Action of the Taxation Clerk on Defendant's Bill of Costs [Doc. #43] be DENIED IN PART AND GRANTED IN PART, as discussed in this Report and Recommendation.

(2) That Defendant's Motion for Review of Clerk's Order on Taxation of Costs [Doc. #46] be GRANTED to the extent that it be allowed an additional $134.20 for the deposition of transcript costs for Kenneth Roberts, for a total of **$2,664.63**, and that the motion be DENIED in all other respects.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 6, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 6, 2013.

s/Johnetta M. Curry-Williams
Case Manager